## Case No. 12,268.

### In re SALMONS.

[2 N. B. R. 56 (Quarto, 19); [1] 15 Pittsb. Leg J. (O. S.) 541.]

District Court, N. D. Georgia. Jan. 28, 1868.

BANKRUPTCY—ENCUMBERED PROPERTY—RIGHTS OF PURCHASER.

1. A court of bankruptcy has power to dispose of the encumbered property of bankrupt in any manner deemed best for the interest of all concerned.

[Cited in Re Brinkman, Case No. 1,884; Sutherland v. Lake Superior Ship Canal Railroad & Iron Co., Id. 13,643.]

2. Where property encumbered by lien is sold, the purchaser takes it unencumbered, the lien being transferred from the property to the fund.

[Cited in Re Brinkman, Case No. 1,884.]

In bankruptcy.

By LAWSON BLACK, Register: In this case the following question of law on the jurisdiction of this court, arose before me, pertinent to the proceedings in the above case, viz: Has the court the power to order the sale of the estate of a bankrupt encumbered by lien, and the money arising from the sale brought in court to be distributed among the creditors holding the securities? By the first section of the bankrupt act this court has complete original jurisdiction of all the assets of the bankrupt, and has power to do all matters and things in virtue of the bankruptcy, up to the final distribution of the estate. Under this grant of power, the court has the right to pass any order or decree it thinks proper for the purpose of doing equity to all parties at interest, and to collect all the assets of a bankrupt, that which is encumbered, and that which is not encumbered. All the assets of a bankrupt include all the property of a bankrupt in which the assignee or the creditors of a bankrupt have an interest. This section gives the court full power to collect all the assets of a bankrupt, and sections fourteen and twenty, point out to the court the manner in which all the assets of a bankrupt may be collected without delay, and at the same time

1 [Reprinted from 2 N. B. R. 56 (Quarto, 19), by permission.]

do complete justice to all parties at interest in the case. And first, under the fourteenth section, if the property secured by lien is worth more than the debt for which it is secured, the court has power at its discretion to order the assignee to pay the money and redeem the property, and if the assignee has no money to redeem it, the court will order the equity of redemption to be sold subject to the encumbrance, and the purchaser gets a complete title to the property when he satisfies the secured debt in this manner. The court serves the interest of both parties in a summary way, and, by section twenty, if the property secured by lien is of less value than the debt, the order of sale has to be reversed, because no person will bid for the property in that condition; for this reason this section gives the court power to pass an order to sell the property in any manner it thinks proper, and as the property is of less value than the secured debt, the only manner in which the several parties can be served, is to order the property to be sold, and the money arising from the sale brought into court, there to be distributed in the same manner as if the property had been sold in a court of law to satisfy the liens. This mode of sale is selling the property free from encumbrances, whether it is so expressed or not; the same thing exists where the property is mortgaged for more than its value, and the homestead of the bankrupt is included in the property. How can this property be disposed of subject to the encumbrance? and how can the interests of the parties be served except by a sale of the property free from encumbrances, as above stated? And under the same section the mortgagee has the right to take the mortgaged property at its value, by an agreement between him and the assignee, and the assignee then makes a deed to the mortgagee for the property. But suppose the assignee and mortgagee make a fraudulent agreement as to the value of the property, or fail or refuse to agree upon the value of the property? In either case this court has power to pass any order it thinks proper for the purpose of ascertaining the value of the property, and if the court should be of opinion that a sale of the property in market overt is the best way to ascertain the value of the property, who can be injured thereby? It is, therefore, the judgment of the register that the court has full discretionary power to sell and dispose of encumbered property of the bankrupt in any manner it thinks proper; and that the title of such purchaser at such sale is or can be made perfect by act of the purchaser. All of which is hereby submitted to his honor, the judge of the district court, for his approval or disapproval, at the request of Mr. Hoyt, attorney at law.

ERSKINE, District Judge. After a careful consideration of the bankrupt law, I think it was the intention of congress to confer on the court the power to dispose of the encum-

bered property of the bankrupt in any manner it might, in its discretion, deem best for the interest of all concerned. It is also my opinion, that in the case before me the purchasers will take the property, when sold, free from all encumbrances, the lien being transferred from the property to the fund. The judgment of the register is approved.